UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL SHRIMP, INC., <br><br> Plaintiff, <br><br> v. <br><br> VISTA CAPITAL INVESTMENTS, LLC; and DAVID CLARK, <br><br> Defendants. | Case No.: 19-cv-1239-WQH-BGS <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Vista Capital Investments, LLC, and David Clark. (ECF No. 9).

## I. BACKGROUND

### A. Procedural Background

On July 3, 2019, Plaintiff Natural Shrimp, Inc. ("Natural Shrimp"), initiated this action by filing a Complaint against Defendants Vista Capital Investments, LLC ("Vista"), and David Clark. (ECF No. 1). On September 6, 2019, Defendants filed a Motion to Dismiss. (ECF No. 9). Defendants move to dismiss Natural Shrimp's Complaint on the grounds that Natural Shrimp fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Defendants move the Court to consolidate this case with the breach of contract action filed by Vista against Natural

Shrimp, currently pending before this Court,[1] and to designate Vista as the plaintiff in the consolidated action.

On September 30, 2019, Natural Shrimp filed a Response in opposition to Defendants' Motion to Dismiss. (ECF No. 13). On October 7, 2019, Defendants filed a Reply. (ECF No. 14).

### B. Allegations in the Complaint

On or about January 23, 2017, Vista and Natural Shrimp entered into a Securities Purchase Agreement. The Securities Purchase Agreement provides that Natural Shrimp shall sell, and Vista shall purchase, 1) a promissory Note; and 2) a Warrant to purchase shares of Natural Shrimp's common stock. The Note is in the principal amount of $250,000. The Warrant allows Vista "to purchase 350,000 shares of [Natural Shrimp's] Common Stock." The Securities Purchase Agreement provides that "[t]he Warrants shall vest such that [Vista] shall receive 1.4 warrants for every dollar funded to [Natural Shrimp] under the Note." The Securities Purchase Agreement provides that Vista "shall pay the purchase price of $50,000." "Upon the closing of [the Securities Purchase Agreement] and initial funding of $50,000 . . . [Vista] shall receive a Warrant to purchase 70,000 shares of common stock." (ECF No. 1, Exhibit A at 28).

Clark is the "principal and sole representative" of Vista, a sole proprietorship. (*Id.* ¶¶ 1, 12). On "multiple occasions in the days prior to execution" of the Securities Purchase Agreement, Note, and Warrant, Clark made oral representations to Natural Shrimp's CEO, Bill Williams, and CFO, William Delgado. (*Id.* ¶¶ 22-23). Clark represented that 1) the Warrant was not an "exploding warrant;" 2) there was a floor on the price of any future share purchase by Vista; 3) there was a cap on the number of shares available for purchase by Vista; 4) Vista would purchase 350,000 Warrants from Natural Shrimp for $250,000; and 5) the $250,000 would be delivered in $50,000 increments over five months—after the

---

[1] *Vista Capital Investments, LLC v. Natural Shrimp, Inc.*, 19-cv-1239-WQH-BGS.

initial $50,000 payment, every thirty days, beginning thirty days after execution of the Securities Purchase Agreement, Note, and Warrant. (*Id.* ¶¶ 22, 36). Clark represented that the 70,000 shares of Common Stock that Vista could purchase after the initial $50,000 payment would remain at an exercise price of $0.60 per share, for a total aggregate exercise price of $42,000. Clark "presented" the Warrant to Williams and Delgado as "a standard form document unworthy of close review." (*Id.* ¶ 29). Clark made these representations "to induce Natural Shrimp to enter" the agreements. (*Id.* ¶ 22).

These representations were false. After making the initial $50,000 payment under the Securities Purchase Agreement, Vista "failed and refused to provide the additional funds that it promised." (*Id.* ¶ 60). Natural Shrimp relied on Clark's representations and would not have executed the Securities Purchase Agreement, Note, or Warrant if it knew that Clark "lied about Vista's delivery of additional financing" and only intended to deliver one-fifth of the financing promised. (*Id.* ¶¶ 65-66).

In addition, the Warrant contained "price-adjustment and cashless exercise provisions" designed to benefit the drafting party, Vista, and mislead Natural Shrimp. (*Id.* ¶¶ 32, 39). The price-adjustment provision made it so "the number of shares Vista was able to acquire was on a sliding scale . . . . If the Exercise Price decreased, the number of shares issuable pursuant to the Warrant increased." (*Id.* ¶ 43). The cashless exercise provision "permitted Vista to purchase shares without ever having to pay for them in cash" by providing Vista with "the option to forego a portion of the shares to which it was entitled in order to utilize those shares to pay for other shares at a reduced price." (*Id.* ¶¶ 47-48). The price-adjustment and cashless exercise provisions, drafted by Defendants, are inconsistent with Clark's representations regarding the exploding warrant, price floor, and purchase cap.

On February 22, 2019, Vista sent Natural Shrimp a Notice of Exercise of Warrant seeking to acquire 16,052,090 shares of Natural Shrimp's common stock at a price of $0.0026 per share. Instead of paying Natural Shrimp $42,000 to acquire the shares, Vista sought to utilize the cashless exercise provision to acquire the shares without expending

3

additional funds. The shares had an aggregate market value of $7.135,154. Natural Shrimp would never have agreed to the inclusion of the exploding warrant, but Clark concealed the existence of the exploding warrant to induce Natural Shrimp to enter into the Securities Purchase Agreement, Note, or Warrant.

Natural Shrimp brings claims against Vista for 1) rescission; 2) fraudulent inducement; 3) breach of the covenant of good faith and fair dealing; 4) unjust enrichment; and 5) promissory estoppel. Natural Shrimp brings a claim against Clark for fraudulent inducement. Natural Shrimp seeks 1) rescission of the Securities Purchase Agreement, Note, and Warrant; 2) general, special, exemplary, and punitive damages on all claims except the rescission claim; 3) injunctive relief; 4) interest, attorneys' fees, and costs; and 5) "such other and further relief as the Court may deem proper." (*Id.* at 24-25).

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations

that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted). If both parties advance plausible alternative explanations, then the "plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)," because "[t]he standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011). A complaint "may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*." *Id.* at 1216 (emphasis in original).

Defendants contend that Natural Shrimp fails to plead rescission, fraud, and mistake with particularity as required by Federal Rule of Civil Procedure 9(b). (ECF No. 9-1 at 16). Defendants contend that Natural Shrimp "fails to identify the allegedly fraudulent statement, its content, who made it, how and when." Defendants contend that Natural Shrimp fails to plead facts that show Clark knew any alleged statement was false. Defendants contend Natural Shrimp fails to plead facts that "satisfy the elements of causation and reliance."[2] (*Id.* at 17). Natural Shrimp contends that it alleges fraud with particularity. Natural Shrimp contends the Complaint identifies fraudulent statements, their content, who made the statements, and when the statements were made. (ECF No. 13 at 8). Natural Shrimp contends that it alleges Clark drafted the agreements and therefore knew his statements inconsistent with the express language of the agreements were false. (*Id.* at 9).

---

[2] Defendants request the Court take judicial notice of three court filings. (ECF No. 9-2). Judicial notice of the requested documents is unnecessary for this Order. Defendants' request for judicial notice is denied. *See Asvesta v. Petroustas*, 580 F.3d 1000, 1010 n. 12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

Claims sounding in fraud or mistake must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (quotation omitted). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotation omitted). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106.

The elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Sup. Ct.*, 909 P.2d 981, 984 (Cal. 1996) (quoting 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676, p. 778).

Natural Shrimp alleges that Clark made false "oral" representations to Williams and Delgado "on multiple occasions in the days prior to execution of" the Securities Purchase Agreement, Note, and Warrant on January 23, 2017. (ECF No. 1 ¶¶ 23-25). Natural Shrimp fails to specify when and where the alleged representations were made. *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("The complaint must specify such facts as the times, dates, [and] places . . . of the alleged fraudulent activity.") (citation omitted). Natural Shrimp's vague reference to "oral" statements on "multiple occasions" is not sufficiently

detailed to meet the heightened pleading requirement of Rule 9(b). Natural Shrimp fails to state with particularity the circumstances surrounding the alleged fraud. Each of Natural Shrimp's claims is based on Defendants' alleged fraud. Accordingly, Natural Shrimp fails to state a claim upon which relief can be granted.

## III. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 9) is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff shall file any motion for leave to amend the Complaint within thirty days of the date of this Order. If no motion is filed, the Clerk shall close the case.

Dated: November 1, 2019

Hon. William Q. Hayes
United States District Court